UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DONNA CHRASTECKY AND** § | |
| **MICHAEL CHRASTECKY,** § | |
| *Plaintiffs* § | |
| § | **Case No.  A-19-CV-1240-LY-SH** |
| **v.** § | |
| § | |
| **C. R. BARD, INC.,** § | |
| *Defendant* § | |

### ORDER

Before the Court is Defendant C.R. Bard, Inc.'s Motion for Leave to Take and Compel Updated Depositions of Plaintiffs Donna Chrastecky and Michael Chrastecky, filed April 29, 2021 (Dkt. 141); Plaintiffs' Response in Opposition to Defendant's Motion for Leave to Re-Depose the Plaintiffs, filed May 6, 2021 (Dkt. 142); and Defendant's Reply, filed May 13, 2021 (Dkt. 143).

The District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The case is set for jury selection and trial before the District Court in August 2021.

### I.  Background

Defendant deposed Plaintiffs on April 18, 2017. Dkt. 142 at 4. On March 10, 2021, the Court quashed Defendant's notices for the depositions of both plaintiffs on March 12, 2021 because Defendant failed to seek leave of court to redepose them. Dkt. 134. Defendant now asks the Court's leave to take a second deposition of each plaintiff, asserting that the depositions are necessary for reasons that include the following:

- Plaintiffs recently produced certain tax records, including tax returns for the years 2011-19;

- Since her 2017 deposition, Mrs. Chrastecky has visited healthcare providers on "possibly hundreds of occasions" and asserts injuries caused by Defendant "that have been ongoing for four years, or materialized, since the first deposition";

- Medical records produced since the 2017 depositions indicate possible alternative causes of Mrs. Chrastecky's injuries; and

- Plaintiffs assert out-of-pocket expenses now totaling $270,352 and a present-day value of Mrs. Chrastecky's lost earning capacity of $3,651,132.

Dkt. 141 at 8. Defendant seeks to depose Plaintiffs on those topics, as well as the following:

- Mrs. Chrastecky's present health and the effect of her alleged injuries since 2017;

- Mrs. Chrastecky's interpersonal relationships over the past four years and the effects, if any, of her injuries on those relationships;

- The extent of both plaintiffs' non-economic losses over the past four years; and

- Mr. Chrastecky's current treatment and extent of his allegations for anxiety and depression since 2017.

*Id.* at 9-10. Defendant does not seek leave to exceed the seven-hour deposition time limit of Fed. R. Civ. P. 30(d)(1), pointing out that Mrs. Chrastecky's first deposition lasted 2 hours 54 minutes, while Mr. Chrastecky's took 1 hour 45 minutes. *Id.* at 11.

Plaintiffs oppose the motion, characterizing Defendant's request to redepose them as a "duplicative bullying tactic." Dkt. 142 at 1. Plaintiffs contend that Defendant has not established good cause to depose them again, arguing that "Defendant has had ample opportunity to conduct discovery on all aspects of the case, including Plaintiff's medical condition and damages," and that "a second deposition of either Ms. or Mr. Chrastecky would constitute harassment, oppression, and undue burden and expense." *Id.* at 4, 5. Although opposing redeposition, Plaintiffs do not object to any of the specific deposition topics identified by Defendant or the categories of documents described in Defendant's amended deposition notices. *See* Dkts. 141-10, 141-11.

## II. Legal Standard

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) provides that:

> (2) A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> (A) if the parties have not stipulated to the deposition and: . . .
>
> (ii) the deponent has already been deposed in the case.

Federal courts have applied a good cause standard when deciding a motion to retake a deposition. *Kleppinger v. Texas Dept. of Transp.*, 283 F.R.D. 330, 335 n.7 (S.D. Tex. 2012) (collecting cases).

Rule 30(a)(2)(A)(ii) requires courts to consider whether the discovery sought is consistent with Rule 26(b)(1) and (2). *Gates v. Texas Dep't of Fam. & Protective Servs.*, No. A-09-CV-018 LY, 2010 WL 11598033, at *3 (W.D. Tex. Oct. 7, 2010). Courts may limit discovery when (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C)(i); (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," Fed. R. Civ. P. 26(b)(2)(C)(ii); or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," Fed. R. Civ. P. 26(b)(2)(C)(iii). *See Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 487 (S.D. Tex. 2012), *overruled on other grounds by McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 474 (5th Cir. 2015); *see also United States ex rel. Woodard v. Davita, Inc.*, No. 1:05-CV-227, 2011 WL 13199233, at *2 (E.D. Tex. Sept. 26, 2011) (stating that a court must grant leave to depose witness for second time "unless it would be unreasonable to do so") (citing Rules 26(b)(2)(C) and 30(a)(2)); *Martin v. Fid. Nat'l Title Ins. Co.*, No. 09-4195, 2011 WL 3349843, at *4 (E.D. La. Aug. 3, 2011) (permitting redeposition of plaintiffs regarding newly produced material that could not have been subject of examination at first depositions). Because Defendant seeks to redepose Plaintiffs outside the discovery deadline of August 1, 2019, the Court also looks to Federal Rule of Civil Procedure 16(b). *See* Dkt. 42; *Brush*, 911 F. Supp. 2d at 487.

### III.  Analysis

The Court finds that Defendant has established good cause for the depositions. Defendant has shown that new documents have been produced and information provided that is relevant to Plaintiffs' claims and damages but was not available at their earlier depositions, including tax records, medical records, and developments in their health status since 2017. For these reasons, Defendant has not had an opportunity to obtain the information it seeks by discovery, and the second depositions will not be unreasonably cumulative or duplicative. Finally, the burden or expense to Plaintiffs of the redepositions will not outweigh their likely benefits to Defendant, particularly since the depositions will be conducted by videoconference and cannot exceed approximately four hours for Mrs. Chrastecky and five hours for Mr. Chrastecky.

The Court finds, however, that the depositions must be limited to questions relating to documents produced and events occurring after Plaintiffs' first depositions. *See Barnhill v. Boston Scientific Corp.*, No. 8:20CV182, 2021 WL 424441, at *3 (D. Neb. Feb. 8, 2021) (granting leave to redepose plaintiffs in this pelvic mesh case "regarding their updated medical records and state of health since the time of their last depositions" two years earlier); *see also Regis S. v. Eaton Oil Tools, Inc.*, No. 6:19-cv-00229, 2021 WL 1179910, at *2 (W.D. La. Mar. 26, 2021) (limiting repeat deposition to, *inter alia*, questions regarding "the plaintiff's medical status since the previous deposition"); *O'Connor v. Cory*, No. 3:16-CV-1731-B, 2018 WL 5016291, at *2 (N.D. Tex. Oct. 16, 2018) ("If a deposition is reopened because of newly discovered information, the court should limit the deposition to questions related to this information.").

### IV.  Conclusion

Accordingly, Defendant's Motion for Leave to Take and Compel Updated Depositions of Plaintiffs Donna Chrastecky and Michael Chrastecky (Dkt. 141) is **GRANTED**, subject to the limitations described in the preceding paragraph.

The Court further **ORDERS** that, **by May 19, 2021**, Plaintiffs must provide Defendant with dates on or before June 18, 2021 when they are available for depositions via videoconference so that the depositions may be scheduled at a mutually agreeable time and date.

**SIGNED** on May 14, 2021.

                                                    SUSAN HIGHTOWER
                                                    UNITED STATES MAGISTRATE JUDGE